RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0144p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

JOHN B. WOODS, M.D.; TOM MCDONALD, M.D.,

        *Petitioners*,

    *v.*

UNITED STATES DRUG ENFORCEMENT ADMINISTRATION; JEFFERSON B. SESSIONS, III, Attorney General; UNITED STATES DEPARTMENT OF JUSTICE; ROBERT W. PATTERSON, Acting Administrator of the Drug Enforcement Administration,

        *Respondents*.

No. 17-6264

———————————

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 1:16-cv-01289—S. Thomas Anderson, District Judge.

Decided and Filed: July 18, 2018

Before: BATCHELDER, KETHLEDGE, and WHITE, Circuit Judges.

———————————

## COUNSEL

**ON PETITIONERS' BRIEF, MOTION TO DISMISS, AND RESPONSE IN OPPOSITION TO RESPONDENTS' MOTION TO SEAL:** Dale Conder, Jr., RAINEY, KIZER, REVIERE & BELL, PLC, Jackson, Tennessee, for Petitioners. **ON RESPONDENTS' BRIEF, MOTION TO SEAL, AND REPLY TO PETITIONERS' RESPONSE IN OPPOSITION**: James M. Waldrop, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Respondents.

———————————

**ORDER**

———————————

KETHLEDGE, Circuit Judge.   The parties have settled this case.   The petitioners now move to dismiss their petition for review, and the government moves to seal the settlement agreement.   We grant the petitioners' motion and deny the government's.

The petitioners, Tom McDonald and John Woods, are doctors who handle and prescribe controlled substances, *i.e.*, painkillers.   The DEA bars hospitals from hiring, as an employee with "access to controlled substances," any doctor who "for cause" has surrendered his registration to handle those substances.   21 C.F.R. § 1301.76(a).   In 2016, the DEA enforced this regulation against McDonald and Woods, who had voluntarily surrendered their registrations while in addiction treatment, but who have regained full registrations with the DEA since.   Thus, they could not work for their hospital until it obtained waivers for them from the DEA.

McDonald and Woods thereafter sued to enjoin the DEA from enforcing the regulation against them in the future, arguing that it no longer applied to them once their DEA registrations were restored.   The government eventually agreed with them and the parties settled the case. The settlement agreement provides, among other things, that "[t]he DEA no longer interprets 21 C.F.R. § 1301.76(a) as requiring . . . potential employers of doctors with unrestricted DEA registrations to seek waivers."

McDonald and Woods attached a copy of this agreement to their motion to dismiss the petition for review.   The government in turn moved to keep the agreement under seal.   We apply "a strong presumption in favor of openness as to court records."   *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks omitted).   The party seeking to seal a record document therefore must "analyze in detail" why the information in that document should stay secret.   *Id*.

The government does not even attempt to do that here.   Rather than identify information too sensitive to remain public, the government argues that the agreement does not *need* to remain so—specifically because it binds only the parties and no rule required the parties to file it.   That

argument gets exactly backwards our operative presumption, which is that "[t]he public has a strong interest in obtaining the information contained in the court record." *Id.* That interest is particularly strong where the information pertains to an agency's interpretation of a regulation. Other doctors would no doubt be interested to know that the DEA does not plan to treat them like it treated McDonald and Woods.

The government also suggests—in a reply—that the parties agreed not to file the settlement agreement. That purported agreement appears nowhere in the settlement itself. And at any rate the settlement is already part of the public record; any agreement would not overcome the public's strong interest in access to court records, especially when they concern how the government enforces its regulations. *Cf. id.* at 306 (requiring specific reasons to seal a document "even if neither party objects to the motion to seal").

To its credit, the government acknowledges the "vital public interest in open judicial proceedings." 28 C.F.R. § 50.9. Its current motion does not. The petitioners' motion to dismiss is granted, and the government's motion to seal is denied.